AUSTIN MACHINERY CORPORATION *v.* CLARK-HUNT CON-
TRACTING Co.*

(Division B.   Jan. 26, 1925.   Suggestion of Error Overruled
March 9, 1925.)

[103 So. 1.   No. 24582.]

1. CARRIERS. *Buyers held not entitled to machinery without payment
   of draft attached to bill of lading and execution of notes for
   balance of price.*
   Where seller shipped machinery under contract providing for de-
   livery on payment of specified amount and execution of notes for,
   balance of price, and sent shipper's order bill of lading attached
   to draft for such amount to bank, with directions to deliver bill
   of lading to buyers on their payment of draft and execution of
   notes, buyers were not entitled to machinery without payment of
   draft and execution of notes.

2. SALES. *Measure of damages for wrongful detention, where market
   value depreciated because of use, wear, and tear, stated.*
   Measure of seller's damages for wrongful detention of dredging
   machine by buyers, who wrongfully obtained possession, where
   machinery depreciated in market value because of use for period
   of detention and wear and tear incident to such use, was interest
   on market value of new machine from time it was taken to time
   it was redelivered and depreciation in market value on account of
   such use, wear, and tear, and not merely interest on purchase
   price during period of detention.

(78)

3. SALES. *Allowance of punitive damages to defendant held war-ranted.*

Where seller shipped machinery under contract providing for delivery on payment of specified amount and execution of notes for balance of purchase price, and sent shipper's order bill of lading attached to draft for such amount to bank with directions to deliver to buyers on their payment of draft and execution of notes, and buyers obtained possession without payment of draft and execution of notes in replevin suit, and proceeded to use machinery, the jury in awarding seller damages for wrongful detention, would have been warranted in inflicting punitive damages.

4. DAMAGES. *Court cannot compel jury to inflict punitive damages.*

Court cannot compel jury to inflict punitive damages.

*Headnotes 1. Carriers, 10 C. J., Section 371; 2. Sales, 35 Cyc., p. 519 (1926 Anno); 3. Sales, 35 Cyc., p. 519 (1926 Anno); 4. Damages, 17 C. J., Section 361.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, JR., Judge.

Replevin suit by the Clark-Hunt Contracting Company against the Austin Machinery Corporation. Judgment for defendant, and defendant appeals from that part thereof as to damages, and plaintiff cross-appeals. Affirmed in part, and reversed and remanded in part.

*Lowrey & Lamb,* for appellant.

Section 4222, Code of 1906 (section 3051, Hemingway's Code), provides for bond by the defendant in replevin and the next following section gives the form of the bond. Section 4224, Code of 1906 (section 3053, Hemingway's Code), provides for bond by the plaintiff and the form of the bond is given in section 4226, Code of 1906 (section 3055, Hemingway's Code). Section 4233 and 4234, Code of 1906 (sections 3062 and 3063, Hemingway's Code), provide for judgment for the

plaintiff and defendant, respectively, and section 4336, Code of 1906 (section 3065, Hemingway's Code), pro-vides for execution.

The legislature, Acts 1924, chapter 166, amended section 4222, Code of 1906, so as to make the defendant liable for damage to and depreciation in value of property bonded, but we do not understand that this has anything to do with the present case, except probably as an indication of the legislative mind and construction of these statutes.

We think the conclusion is reasonable that the legislature did not amend the statute as to liability of the plaintiff giving bond because the bond of the plaintiff in express terms binds him and the sureties for the damages and cost. It seems that this court in construing the liability of the plaintiffs and defendant, respectively, has made little or no distinction because of the conditions of their respective bonds, but have uniformly held the defendant liable for damages and cost in addition to the return of the property.

This result seems to be reached because of section 4233, Code of 1906 (section 3062, Hemingway's Code), which requires judgment against the defendant and sureties for damages and cost. *Phillips* ·v. *Cooper,* 59 Miss. 17; *Sparks* v. *Hopsen,* 83 Miss. 124, 35 So. 446; *Dent* v. *Ross,* 52 Miss. 188, at p. 192. However, this may be we can see no reason for holding that the plaintiff by the very condition of his bond is not liable for damages caused by deterioration in value of the property and even consequential damages, in addition to interest on the debt or value of the property, whatever might be the holding as to the liability of the defendant's bond prior to the amendment in 1924.

This court in at least three cases has said that in the absence of circumstances warranting punitive damages, the measure of damages is the value of the property at the time of the taking, detention or conversion with interest to the time of the trial. *Whitfield* v. *Whitfield,*

40 Miss. 352; *Head* v. *James*, 49 Miss. 236; *Taylor* v. *Morton*, 61 Miss. 24.

There seems to be no disposition to depart from or disregard these manifestly just principles, and where the matter has come before this court, damages for hire, and depreciation have been allowed and approved, not particularly by the language of the court, but by its decision, while on the contrary the court has in some cases used general language which is misleading.

These principles not only conserve the ends of justice, but they are not out of harmony with the general decisions of this court, and are expressly stated and approved by the textwriters generally and by the courts of other states., 23 R. C. L., secs. 73 & 74, p. 911; 24 Am. & Eng. Enc. of Law (2 Ed.), 513; 34 Cyc. 1582; *Franks* v. *Matson*, 71 N. E. 1011; *Nahhas* v. *Browning*, 6 A. L. R. 476, and note at 478; 23 R. C. L. 912.

In the case at bar the defendant did not ask the value of the use as damages because it was evident that the defendant would not have used the property. The defendant is a manufacturer and manufactures property of this character for sale and not for its own use. This being the case the damage to the defendant was in the depreciation of the value and not in the loss of the use. The defendant in this case, being the manufacturer and seller, is entitled to any damage to its market value brought about by the wrongful act of the plaintiffs. *Moody* v. *Citizens Sav. & Inv. Co.*, 99 So. 817; *Carpenter* v. *Gray*, 99 So. 561.

It seems evident that the value of the parts depends upon their use as parts of the whole machinery and we think that it was rightfully treated by the plaintiffs as one piece of property, but, whether this be true or not, we think it is not now up to the plaintiffs to complain, and if the whole machine is damaged in value by the injury or loss or destruction of some of the parts, then this is a damage and injury to the machine as a whole, and would depreciate the whole value to that extent, and be-

come an element of damages, or relieve the defendant from its obligation to receive it in satisfaction of the judgment.

With reference to the right of the appellant to appeal on the question of damages alone, and to ask for a reversal as to this feature of the case without disturbing the general verdict in its favor, we call the attention of the court to *Drain* v. *Hilzeim,* 13 S. & M. 336; *Spratly* v. *Kitchens,* 55 Miss. 578; *Rushing* v. *Rushing,* 52 Miss. 329; *Atkinson* v. *Foxworth,* 53 Miss. 733; *Johnson* v. *Tabor,* 101 Miss. 78, 57 So. 365; Rule 13 of this court.

*Cutrer & Smith,* for appellee.

The sole point raised in the brief of appellant, Austin Machinery Corporation, is whether or not the instructions of the court, relative to the element of damages recoverable in this cause, are correct or not. It is the contention of appellees that under no possible theory of damages allowable in replevin would the market value of the article replevined at the time of suit, control. Looking at this case from the most favorable viewpoint of appellant, the most which appellant could contend for would be a recovery for the damage to the machine while in the possession of appellee, assuming there was any damage whatever. The reason for this rule is evident. If we were to assume, in the first instance, that appellee had not replevied the machine, and it had remained in the possession and under the control, and as the property of appellant, the fair cash market value of the machine may have deteriorated greatly during the same length of time. This deterioration in value—that is to say, market value, was not and could not be damage to the machine, brought about by any third or outside party. It would represent a mere decrease in the market value of the kind and character of machine in question from a poor economic standpoint. According to the contention advanced in the brief of appellant herein, had appellee not used the machine,

and had they stored it in a warehouse, in the same condition it was in when shipped by appellant, and had it remained there unused and unmolested, and the highest degree of care been taken thereof, and a drop in the market price of this kind and character of machine occurred, appellee would be liable therefor. A decline in prices is beyond the power of either of the parties, and certainly that element contended for by appellant is not and could not be attributable to the alleged wrongful seizure of the machine in question.

This is in no sense a case in which punitory damages were recoverable. The appellant's instructions authorizing such a recovery were not warranted by the facts or by the law, and therefore it was unnecessary for appellee to have sought a change on that point. The rule of damages in replevin prior to the enactment of chapter 166, Acts of 1924, has been stated in numbers of cases arising in the supreme court, and has been universally followed throughout the entire judicial history of the supreme court of this state, so far as we have been able to learn.

The rule as announced in cases of this character by the supreme court, is that in the absence of circumstances warranting punitive damages, the measure of damages is the value of the property at the time of the taking, detention or conversion, with interest to the time of the trial. *Whitfield* v. *Whitfield,* 40 Miss. 352; *Head* v. *James,* 49 Miss. 236; *Taylor* v. *Morton,* 61 Miss. 236.

This cause of action arose prior to the enactment of chapter 166, Laws of 1924, and of course it has no application as an element in this case, but is cited purely for the purpose of demonstrating conclusively that the legislature recognized the existence of the law, as contended for by appellees, and decided to change the laws so as to allow a recovery, as contended for by the instruction refused by the court, presented by appellant in this case.

We do not contend that appellant would be remediless in event the property were in such a condition as to be

unrecognizable, because in that event, and in that con-
dition, it is not tenderable, and the value thereof must
be paid, as assessed by the jury. This rule was announced
in the case of *Hazlett* v. *Witherspoon,* 25 So. 150. No
such facts as existed in the Witherspoon case existed here.
It is not contended that the machine in question is not in
a condition to be delivered under the judgment of the
court. The testimony seems to show that the machine is
in better condition than when the writ of replevin was
executed. At least, there is no testimony to the contrary.

Argued orally by *P. H. Lowrey,* for appellant, and
*E. W. Smith,* for appellee.

Holden, P. J., delivered the opinion of the court.

This is a replevin suit brought in the circuit court of
Quitman county in August, 1923, by the appellee Clark-
Hunt Contracting Company, against the appellant, Aus-
tin Machinery Corporation, to recover the possession of
an Austin No. 12 drag line ditch and dredging machine
valued at forty-three thousand five hundred dollars,
which machine had been shipped over the Y. & M. V.
Railroad by appellant to the appellee at a station named
Darling, under a contract of sale, with bill of lading to
shipper's order, with draft attached and notes to be
signed according to the terms of the contract of sale. The
machine was in fact replevied from the railroad com-
pany, but the appellant shipper was substituted as the
defendant in the place of the railroad company, and the
trial upon the merits took place nearly one year after the
writ of replevin was executed.

At the conclusion of the testimony the court granted
a peremptory instruction to the jury to find the posses-
sion for the defendant, the appellant herein, and sub
mitted the question of damages to the jury for the wrong-
ful taking and detention, and the jury returned a verdict
for two thousand, one hundred seventy-five dollars, which

was the interest on the value of the machine from the time of taking to the date of the trial, as damages in favor of the defendant.

Both the plaintiff and the defendant being dissatisfied with the result of the trial, the appellant, Austin Machinery Corporation, the seller and shipper of the machine, defendant below, appeals directly from that part of the judgment as to damages, upon the ground that the court erred in limiting the amount of the recovery to six per cent. interest on forty-three thousand, five hundred dollars, the value of the machine at the time it was taken under the writ of replevin. The plaintiff below, direct appellee here, cross-appeals, on the ground that the court erred in granting the peremptory instruction to find the possession for the defendant, under the evidence in the case.

We shall state only so much of the case as is absolutely necessary to an understanding of the decision. Here it is: The Austin Machinery Corporation, domiciled at Toledo, Ohio, entered into a written contract with the appellees, Clark-Hunt Contracting Company, to sell the latter the dredging machine here involved for the sum of forty-three thousand five hundred dollars. The terms of the contract provided that the machine was to be shipped to appellee, who was to pay fourteen thousand five hundred dollars cash upon its arrival at Darling, Miss., and also execute two notes for fourteen thousand five hundred dollars each for the balance of the purchase money.

The machine was shipped with shipper's order bill of lading attached to draft for the fourteen thousand five hundred dollars to be paid by appellee, who was also to execute the two notes, in which event the bill of lading was to be delivered to appellee and it to then receive the machine from the railroad company. When the machine arrived the appellee purchaser, was notified by the bank to call and make the cash payment and execute the notes and receive the bill of lading for the machine. The appellee called at the bank, inspected the bill of lad-

ing, draft and notes, and without making any complaint thereat, failed and refused to pay the draft and execute the notes, but instead of doing so in accordance with the contract between the parties, the appellee immediately sued out the writ of replevin herein, took possession of the machine and gave bond for it to await the result of the trial, and proceeded to use the machine in its ditching and dredging work.

The testimony at the trial showed conclusively, as we view this record, that the appellee, plaintiff below, was not entitled to the possession of the machine because it had not complied with the terms of the written contract of sale, with reference to the payment of the draft for fourteen thousand five hundred dollars and the execution of the notes for the balance of the purchase money, and therefore was not entitled to the bill of lading with which to obtain possession of the machine from the railroad company at the point of destination.

We have considered carefully the contention of appellee with reference to the accommodation note given by appellee to appellant before the shipment was made, but we are unable to see wherein this part of the transaction between the parties could have had any effect upon the terms and requirements of the undisputed written contract (as well as the oral testimony supporting it), upon which the sale and shipment were finally made. Therefore we shall at once dispose of the cross-appeal by holding there is no merit in it, and as to it the judgment must be affirmed.

Now, as to the direct appeal, which is based upon the one ground that the lower court erred in announcing by instructions the measure of damages recoverable by the appellant for the wrongful taking, detention and use of the machine by appellee for about ten months before the date of the trial. The exact complaint of the appellant on the direct appeal is that the court, by instruction No. 2 granted the plaintiff below, which in part is in the following language:

''The court further instructs the jury that the measure of the damages which you are permitted under the law to award to the defendant is six per cent. interest on such value as fixed by you, from August 14, 1923, to date, unless you believe from a preponderance of the evidence in this case that in suing out the writ of replevin herein the plaintiff was actuated by motives of malice, oppression, or willful wrong ''—limited the jury to an allowance of interest on the purchase price of the machine as the only recoverable damages suffered by the defendant. To put it in another way, the appellant contends that it should have been permitted to recover such actual damages as was shown that it suffered on account of the depreciation in the market value of the machine on account of the detention, use, and injury to it between the time of its taking and the date of the trial. The appellee opposes this claim on the theory that no damages may be allowed in such case for the depreciation in the market value of the machine, because, as contended, the interest on the market value of the machine at the time it was sold is all that can be recovered under certain decisions of this court; and for a further reason, that the proof does not show the machine was actually damaged by the appellee in its detention and use of it in dredging ditches.

We have reviewed the decisions referred to by counsel on both sides, and we are unable to find any pronouncement which limits the recovery of damages to the interest on the value of the property, where the property is wrongfully detained and injured and damaged by its use and thereby depreciated in value. The cases cited and relied upon by the appellee only go to the extent of holding that where there is a depreciation in the market value of the property which is not occasioned by the person who wrongfully detains it—that is, that the person wrongfully detaining the property has not injured or damaged it by use—then the measure of damages for the wrongful taking and detention would only be the interest on the value of the property when taken, provided

it is returned in the same condition as when wrongfully taken. But, as we see it, the case before us is quite different from those cases cited by counsel wherein the rule mentioned was applied.

The case at bar, as disclosed by the record, shows a taking and detention of the property without any right or good reason therefor, and that while detained it was used for many months and was injured and damaged by such use, and the ordinary wear and tear incident to such wrongful use also decreased its value, and its market value was thus and thereby depreciated, as some of the witnesses testify, more than twenty thousand dollars; and it is our opinion the defendant below was entitled to recover for depreciation on account of such actual damage to the machine, as is shown by the evidence was caused by its detention and use while it was held and used in digging ditches and the dredging work for many months. This depreciation in the market value of the property, for which we say damages may be recovered, was not due to any fluctuation in the market value of such machines, but the depreciation in value was due to the damage done the machine by detaining and using it for several months.

Therefore we think the court erred in granting the instruction which limited the amount of recovery of damages to the interest on the value of the machine, but the court should have allowed the jury to pass upon the question of actual damages resulting from depreciation on account of the use, wear, and tear and injury of the machine while wrongfully detained by the appellee. Therefore the judgment of the lower court as to the amount of damages allowed the appellant will be reversed, and the case remanded, for the purpose only of assessing the proper amount of damages which the appellant is entitled to recover.

The elements of damage which the appellant, Austin Machinery Corporation, is entitled to recover in this case are, viz., interest on the market value of the new ma-

chine from the time it was taken up to the time it is re-delivered, if it should be redelivered; the depreciation in the market value of the whole machine on account of its use, wear and tear and damage by injury; and also the jury should be permitted to pass on the question of punitive damages for the wrongful taking and detention of the machine.

We know of no rule authorizing a court to compel a jury to inflict punitive damages, so we go no further in that regard than to say that this record discloses a case where the jury would be well warranted in punishing the appellee, Clark-Hunt Contracting Company, for its manifest wrongful taking and detention of the property involved in this case.

The judgment as to the damages allowed the appellant will be reversed and the case remanded for a new trial on the question of damages alone; that part of the judgment awarding the possession of the machine to the appellant is affirmed on cross-appeal.

*Affirmed in part, reversed and remanded in part.*